GEIGER, PJ.,
concurring:
This case has been much discussed and generously briefed and has resulted in voluminous testimony in the Court below. Everyone who has had anything to do with the case recognizes, not only the importance of the question to the parties to the present action, but the difficulties that surround its correct determination.
Each of the other Judges of this Court" has examined^ the case and the evidence critically and have arrived at different conclusions.
One has taken the position that the ceremonial marriage alleged to have been consummated at Flagstaff, Arizona, has been proven by the requisite quality of evidence.
*151 Another member of the Court has taken the position that there is not sufficient evidence to establish either the ceremonial or a common law marriage.
The evidence has been sufficiently reviewed and commented upon so that no further comment is required.
While the authorities have been cited and quoted at some length, it might be well to briefly restate a few of the principles, especially those relating to common law marriages to support, if possible, the position that I take in this matter.
In Umbenhower v Labus, 85 Oh St, 238, it is held:
“An agreement of marriage in praesenti when made' by parties competent to contract, accompanied and followed by cohabitation as husband and wife, they being so treated and reputed in the community and circle in which they move, establishes a valid marriage at common law, * *
The opinion of the Court, delivered by Price, J., reviews in detail all the Ohio cases bearing upon the question and I shall not further comment upon them as this is so well done by Price, J.
In Re Estate of Redman, 135 Oh St, 554, is the latest pronounce-of the Supreme Court upon this subject. The opinion is by the Court and there is a repetition of principles of prior decisions and it is there stated that it is well settled in Ohio that to establish a common law marriage all the essential elements of such a relationship must be shown by clear and convincing evidence. This is but a restatement of the former decisions of the Court.
The case of Johnson v Wolford, 117 Oh St, 136, establishes the principle that where there has been an impediment preventing the validity of a ceremonial marriage, a valid marriage at common law may be established after the removal of the impediment.
In the case at bar it is contended on one hand that there was a valid ceremonial marriage in Flagstaff, Arizona. On the other hand, it is asserted that there was no such ceremonial marriage. It is conceded that if there was no such ceremonial marriage that the parties may by their subsequent declarations and conduct, properly proved, establish a common law marriage.
It will be recalled that a few days after the incidents occurring at Flagstaff the parties met, at Colorado Springs, friends from Columbus, Ohio, to whom they made the declaration of the fact that they were married, the statement being presumably based upon their supposition that there had been a legal ceremonial marriage.
After their return to Columbus, Ohio, they did not continuously cohabit as husband and wife until 1919 and during that period each made statements incorporated in their several deeds that they were unmarried. After 1919 they openly assumed the relation of husband and wife followed by cohabitation as such and being so treated and reputed in the community and circle in which they moved, which relation continued until the time of the death of Pat. This, I believe, is sufficient to establish a common law marriage.
One of my associates agrees that a common law marriage might be so established if the statement of one of the parties themselves did not refute this relationship. It is *152 pointed out by this Judge that Grace, even after the death of Pat, stated in her deposition that there was no other marriage than the ceremonial marriage at Flagstaff and that such statement can not be reconciled with the.claim of a common law marriage. After Grace continued to maintain that the only marriage relation was that established by the ceremonial marriage it is asserted that any claim to a common law marriage must necessarily fail.
After Grace’s deposition was taken she died and after her death a witness was produced who stated, in effect, that he was shown a marriage certificate by Grace in the presence of Pat and that he read the same and commented upon the fact that her name as appearing thereon was not the name by which she was commonly known; to which Grace responded that she had, before the ceremonial marriage, secured a divorce from her former husband and had been restored to the name that then appeared in the certificate of marriage.
It must be remembered that each of these parties was engaged in such activities as would produce situations at variance with the normal life of those not so engaged. I am of the opinion that their actions between their visit to Flagstaff and their open cohabitation after 1919, during which time each repeatedly stated in their several deeds that they were single, could well be understood as arising from the doubtful occupations of each and that Grace’s explanation that-the deeds were so made because of their several activities and their desire to avoid public comment, furnishes a natural explanation for their statements in this respect.
However, if each knew that they were not married in Flagstaff and each denied that relationship until 1919, the evidence discloses that-thereafter they cohabited as husband and wife and by reason- of their repeated statement to their friends of that relationship, they were so treated and reputed in the-community and the circle in which they moved.
I do not believe that Grace’s alleged statement that she was married at Flagstaff and that that was the only marriage contract into which they had entered would prevent a subsequent agreement even so late as 1919 which was followed by cohabitation as husband and wife and reputation as such in the community and circle of friends, in which they moved as would prevent the consummation of a common law marriage.
I am of the opinion that the evidence produced might well establish either a ceremonial or a common law marriage and therefore I concur in the opinion so holding.
I likewise concur on all other-questions.